OPINION
{¶ 1} Defendant-appellant David Rinkes (Rinkes) appeals the judgment of the Monroe County Court, Small Claims Division, entered in favor of plaintiffs-appellees Terry and Victoria Crawford (Crawfords). Rinkes raises two assignments of error in his appeal. The first issue is whether the trial court's decision was against the manifest weight of the evidence. The second issue is whether the trial court correctly determined damages in this case. For the reasons stated below, the decision of the trial court is hereby affirmed.
 STATEMENT OF THE FACTS {¶ 2} The Crawfords were selling a 1984 Chevrolet S-10 Standard Pickup Truck. The Crawfords left the truck at the home of their friend Bud Smith so that any interested parties could test drive the vehicle. Rinkes and his friend David Heath came to Smith's property in the interest of making an offer on the truck. Rinkes took the truck for a test drive while Heath waited in Rinkes' own truck. Smith remained inside his garage.
 {¶ 3} After the test drive, Rinkes brought the truck back to Smith's property. Rinkes contends that before returning the keys to Smith, he raised the hood of the truck to examine the condition and to look for damages. After doing so, Rinkes handed the keys to Smith and left. When Smith exited the garage roughly an hour later, the truck was gone. Upon searching, he discovered the truck had rolled downhill and hit a tree, causing severe damage to the vehicle.
 {¶ 4} As a result of this accident, the Crawfords filed a complaint in small claims court. The case went to a bench trial. On November 29, 2001, the trial court entered judgment for the Crawfords in the amount of $2,918.65. On December 19, 2001, Rinkes sent a letter to the trial court that was construed as a motion for reconsideration. The motion was denied. On December 28, 2001, Rinkes filed a timely notice of appeal from the judgment.
 ASSIGNMENTS OF ERROR {¶ 5} Rinkes' pro se brief fails to set forth any assignments of error as required by App.R. 16(A)(3) and (7). Pursuant to App.R. 12(A)(2), failure to comply with App.R. 16(A) is a cause for dismissal. Nonetheless in the interest of giving Rinkes his day in court, we will make an attempt to address the issues raised in this appeal. Two issues can be detected from Rinkes' brief. The first issue is a manifest weight of the evidence argument. The second issue addresses the trial court's award of damages.
 MANIFEST WEIGHT OF THE EVIDENCE {¶ 6} Rinkes repeatedly asserts that he is not liable and that the trial court was incorrect in ruling in favor of the Crawfords. At trial, Rinkes testified that he set the parking brake, exited the truck, and proceeded to look under the hood at the engine. (Tr. 4, 5, 10). He asserts that if the parking brake was not set, it would have been evident at that time. He claims the lapse of time between the return of the vehicle and the discovery of its absence, as factors favoring his version of events.
 {¶ 7} Bud Smith testified on behalf of the Crawfords. Smith stated that when Rinkes returned the truck it was in the same condition as when Rinkes took the truck for the test drive. (Tr. 7). Smith states that about an hour later he went outside and noticed the truck was missing. (Tr. 7). He began to look for the truck and discovered it had rolled down a hill and hit a tree. (Tr. 8). The Crawfords maintain that the parking brake was not set. (Tr. 3).
 {¶ 8} An appellate court will not reverse judgments as being against the manifest weight of the evidence as long as the judgment is supported by some competent and credible evidence. C.E. Morris Co. v.Foley Constr. Co. (1978), 54 Ohio St.2d 279, 280. In reviewing a manifest weight of the evidence argument, an appellate court presumes that the trial court's findings are correct. See, e.g., Fabe v. Prompt Finance,Inc. (1994), 69 Ohio St.3d 268, 276; Moskovitz v. Mt. Sinai Med. Ctr.
(1994), 69 Ohio St.3d 638, 653; Myers v. Garson (1993), 66 Ohio St.3d 610,614; Seasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 81;C.E. Morris, 54 Ohio St.2d at 281.
 {¶ 9} Testimony at trial consisted solely of each party presenting their version of the events. Competent credible evidence was submitted to support the judgment for the Crawfords on the issue of liability. The trial court is in the best position to view the witnesses and observe their demeanor, gestures and voice inflections. Seasons Coal Co.,10 Ohio St.3d at 80. Therefore, it cannot be said that the judgment is against the manifest weight of the evidence. As such, this issue lacks merit.
 AMOUNT OF DAMAGES {¶ 10} The Crawfords were asking $3,500 for the truck. (Tr. 8). The estimated repair cost after the accident was $2,918.65. (Tr. 5). Rinkes testified that the Kelley Blue Book value of a 1984 Chevrolet S-10 Pickup Truck, when sold person to person, is estimated at $1,515 to $1,600 if the truck is in good condition. (Tr. 11). The trial court awarded $2,918.65 in damages to the Crawfords.
 {¶ 11} At the outset it should be noted that neither party presented either a copy of the estimated repair cost or a copy of the Kelley Blue Book value. However, in small claims court the evidence rules do not apply. Evid.R. 101(C)(8).
 {¶ 12} In many instances, it is permissible for a party to seek the reasonable cost of repairs. Falter v. Toledo (1959), 169 Ohio St. 238,240. However, if the damage to the vehicle is so extensive that the cost of repairs exceeds the difference in market value immediately before and after the accident, the party will not receive the cost of repair but will be awarded the diminution in value. Id. at paragraph two of the syllabus. In providing this exception, the court in Falter adopted the policy that a plaintiff should not benefit from the loss of a vehicle. Id. at 240.
 {¶ 13} Accordingly, if the value of the truck exceeded the costs of repairs, the Crawfords were entitled to the cost of repairs. However, if the value of the truck was less than the cost of repairs, the Crawfords were entitled to the value of the truck. Therefore, the issue arises as to what is the value of the truck.
 {¶ 14} In Ohio, the owner of either real or personal property is, by virtue of such ownership, competent to testify as to the market value of the property. Walser v. Dominion Homes, Inc. (June 1, 2001), 5th Dist. No. 00-CA-G-11-035. As such, the trial court could either accept Rinkes' testimony as to the market value of the truck or it could accept the Crawfords' testimony as to the market value of the truck. This presents a credibility issue. As explained above, the trial court was in the best position to view the witnesses and observe their demeanor, gestures and voice inflections. Seasons Coal, 10 Ohio St.3d at 80. The trial court believed the Crawfords as to the value of the truck. As such, the trial court determined the fair market value exceeded the cost of repairs and therefore, the Crawfords were entitled to the cost of repairs. It cannot be said that the trial court erred in this decision. This issue lacks merit.
 {¶ 15} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, J., concurs.
DeGenaro, J., concurs.